**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**ALAN R. BACKLUND,**
    **Plaintiff,**

v.                                         **CASE No:   5:06cv245/MCR/MD**

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**
    **Defendant.**
_____/

## O R D E R

This cause comes on for consideration upon the magistrate judge's report and recommendation dated October 25, 2007. The plaintiff has been furnished a copy of the report and recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1), and the court has made a <u>de novo</u> determination of those portions to which an objection has been made.

Having considered the report and recommendation and any objections thereto timely filed, the court has determined that the report and recommendation should be adopted.[1]

---

[1] Backlund asserts five objections to the magistrate judge's report and recommendation, only one of which warrants discussion.
    Backlund submits that in a reconsideration of benefits case such as this one it is the Commissioner's burden to show by substantial evidence that the claimant's medical impairment has improved and that such improvement is related to the individual's ability to work. <u>See</u> <u>Griego v. Sullivan</u>, 940 F.2d 942, 943-44 (5th Cir. 1991) (citations omitted). According to Backlund, the magistrate judge erred in applying this standard by improperly placing the burden on the claimant.
    As Backlund contends, the magistrate judge's report and recommendation indeed initially misstates the burden, placing it on the claimant rather than the Commissioner. Nevertheless, later in his report the magistrate judge states – and applies – the burden and standard of review correctly; <u>i.e.</u>, "whether the [Commissioner's] finding of improvement to the point of no disability is supported by substantial evidence." Because the magistrate judge ultimately applied the correct standard and substantial evidence supports the Commissioner's finding that Backlund is not entitled to continue to receive disability benefits, this objection is overruled. Backlund's other objections are also overruled.

Accordingly, it is ORDERED as follows:

1.   The magistrate judge's report and recommendation is adopted and incorporated by reference in this order.

2.   The decision of the Commissioner is AFFIRMED, this action is DISMISSED, and the clerk is directed to close the file.

DONE AND ORDERED this 31st day of March, 2008.


*s/ M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**