**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

ALAN D. BACKLUND,
       Plaintiff,

v.                                                                                  Case No: 5:06cv245/MCR/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
       Defendant.

_____

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's petition for attorney fees and costs under the Equal Access to Justice Act (EAJA), including an executed assignment in which the plaintiff assigned any EAJA fees to his attorney (doc. 46).  Defendant has responded with objections and plaintiff has replied (docs. 50, 52).  The plaintiff seeks an award of fees and expenses in the amount of $10,068.48.[1]

The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no special circumstances make an award unjust.  The absence of any one of the above

---

[1] Plaintiff's original request was for $9,541.59, but now counsel requests additional fees for time spent replying to the defendant's objections.

factors precludes an award of fees. 28 U.S.C. § 2412(d)(I)(A), (B).

In *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 124 L.Ed.2d 239 (1993) the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the Eleventh Circuit reversed this court's decision denying plaintiff relief after the Commissioner confessed error (doc. 42). The application was filed timely, and the Commissioner's position was not substantially justified. Defendant does not disagree that fees should be paid in this case, but he objects to the amount (doc. 50). Accordingly, plaintiff[2] is clearly entitled to fees.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

> . . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

The plaintiff's counsel seeks compensation for 67.2 hours spent representing plaintiff in district and appellate court-related proceedings and in obtaining an award of fees from the court, including preparing her reply. She seeks compensation at the hourly rate of $168.63 for work done in 2007, $175.63 for work done in 2008, both figures based on CPI adjustments to the original statutory amount. Defendant

---

[2] In *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008), *petition for cert. filed*, Case No. 08-5605 (Aug. 1, 2008), the court clarified that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney. Although *Reeves* did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned follows the common practice of other courts in our district and circuit by recommending payment to counsel when an assignment of benefits has been included, as was done here, with counsel's petition. *See, e.g.*, *Turner v. Astrue*, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); *Buffin v. Astrue*, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same).

Case No: 5:06cv245/MCR/MD

contests both the reasonableness of the hourly rate and the amount of time spent.

As to the hourly rate, defendant proposes slightly lower amounts, i.e., $166.46 for 2007 and $172.15 for 2008.  Defendant's reason for the lower rates is that the work was done early in the respective years, and therefore each year should be broken down by setting that year's CPI and then reducing it based on the CPI for the last half of the preceding year.  Defendant offers nothing to justify this position, and the undersigned finds it untenable.

As to the time spent, defendant argues that the overall amount of time spent was unreasonable, and also contests 1.3 hours that he says were excessive because it involved primarily clerical work and making unanswered telephone calls.  On reviewing the record the undersigned cannot say that the alleged clerical time was clerical only.  Moreover, counsel's minimum time increment was .1 hour.  It may indeed take less then .1 hour to make an unanswered telephone call, but that ignores reality.  Making a telephone call involves the attorney stopping what she is doing, getting out the file, making the call, and then going back to where she was.  Six minutes to do that is not unreasonable.  Defendant does not suggest, nor would the undersigned agree, that an hour should be broken down into smaller increments.  Consequently, the specific objections to small increments of time are rejected.

As to the overall time spent, the undersigned does not find it to be excessive.  The undersigned has approved or recommended approval of fees in cases where the total time spent in a difficult case was as high as 51 hours, but has consistently found that a total of 30 to 35 hours was appropriate in an average successful appeal in this court.  According to counsel's petition, she spent just over 48 hours in this court and an additional 16 hours in successfully appealing to the Eleventh Circuit.  While the time spent in this court is higher than usual, this was not the usual case.  It dealt primarily with the cessation of benefits, which has very different legal principles from a simple denial of benefits case.  Here the ALJ criticized a prior ALJ

decision but did not reopen it, and then terminated benefits, which forced more than the usual legal and factual analysis. And counsel prevailed in the Eleventh Circuit. The time counsel spent in presenting the case to the court and vindicating her client's position was more than reasonable.[3]

Finally, included in the total amount requested is $226.84 in expenses, to which defendant did not object.

It is therefore respectfully RECOMMENDED:

1. The counsel's application for attorney fees and costs (doc. 46) should be granted as set forth below.

2. The court should find that the plaintiff's counsel, Heather Freeman, Esquire, is entitled to recover a reasonable fee for representing plaintiff before the United States District Court for the Northern District of Florida and in the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2412 (EAJA), that attorney fees and expenses under the EAJA in the amount of $10,068.48 is reasonable, and that the Commissioner be directed to pay counsel that amount.

At Pensacola, Florida this 12th day of March, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[3]*See, e.g., Hawthorne v. Apfel*, 3:98cv183 (N.D. Fla. 1999)(29.75 hours requested and approved); *Burks v. Apfel,* 5:98cv176 (N.D. Fla. 1999)(44 hours requested and approved where intervening 11th Circuit decision required additional briefing); *Riser v. Apfel*, 5:97cv20 (N.D. Fla. 1999)(46.4 requested hours reduced to 38.6 hours); *Daniels v. Apfel*, 5:97cv315 (N.D. Fla. 1998)(50.8 requested hours reduced to 35.8); *Stansbury v. Apfel*, 5:96cv419 (N.D. Fla. 1998)(53.2 hours requested and approved in unusually complicated and fact intensive case); *McGee v. Apfel*, 5:97cv257 (N.D. Fla. 1998)(total of 30 hours requested and approved).

Case No: 5:06cv245/MCR/MD

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**